IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | | |
|---|---|---|---|
| Columbus Baker, | : | | |
| Plaintiff | : | Civil Action 2:11-cv-00837 | |
| v. | : | | |
| Sentry Credit, Inc., *et al.*, | : | Magistrate Judge Abel | |
| Defendants | : | | |

# Order

This matter is before the Court on defendant Toyota Motor Credit Corporation's ("Toyota") October 17, 2011 motion to dismiss complaint (doc. 13).

## I. Allegations in the Amended Complaint

On June 13, 2007, plaintiff Columbus Baker purchased a car from defendant Germain on Scarbrough, LLC ("Germain"). Am. Compl. ¶ 1. Plaintiff Rana Baker is listed on the promissory note and security agreement as a co-borrower. *Id.* at ¶ 3. As part of the agreement of the sale, plaintiff also purchased a GAP insurance policy. *Id.* at ¶ 4. Representatives of Germain told plaintiff that GAP insurance would take care of any amount still due and owing on the loan for the vehicle if it were destroyed and if his personal insurance did not pay enough to cover the outstanding loan balance. *Id.* at ¶ 6.

On October 19, 2009, the car was destroyed in a fire. *Id.* at ¶ 7. On October 17, 2009, the payoff amount on the vehicle was $24,179.00. *Id.* at ¶ 10. On January 20, 2010, plaintiff received a letter informing him the GAP policy would not cover the difference between what his personal insurance would pay and the amount owed on the loan. *Id.* at ¶ 17. Defendant Toyota sent plaintiff letters dated November 26, 2009, December 25, 2009, January 27, 2010, February 24, 2010 and two letters dated April 1, 2010. *Id.* at ¶ 24. Defendant Credit Services sent plaintiff a letter dated April 9, 2010 in an attempt to collect $6,189.29 from plaintiff. *Id.* at ¶ 26.

Plaintiff used the dispute reinvestigation procedures at Experian, Trans Union, and Equifax to have the information deleted. *Id.* at ¶ 41. Defendant did not assist in this process, nor did they attempt to resolve plaintiff's multiple consumer complaints. *Id.* at ¶ 42. Plaintiffs and defendants Central Credit Services and Scott Edwards have settled their claims, and these defendants are named in the complaint for informational purposes. purposes. *Id.* at ¶ 43.

On November 5, 2010, defendant Sentry Credit, Inc. sent plaintiff a letter informing him that he owed $6,189.29 and that he was in default upon his obligations to defendant Toyota. *Id.* at ¶¶ 44-45.

The amended complaint asserts claims against Toyota for invasion of privacy and for holder in due course liability.

## II. Arguments of the Parties

### A. Defendant Toyota Motor Credit Corporation[1]

Defendant argues that plaintiff has not stated a claim for invasion of privacy. Defendant maintains that examples of conduct that constitute an invasion of privacy are initiating a campaign to harass and torment the consumer; telephoning the consumer 6-8 times at home and work; telephoning the consumer early in the morning and late at night; telephoning the consumer's superiors and disclosing the account; and telephoning relatives of the consumer 40-50 times. Defendant contend that it has not engaged in activity that compares to this type of conduct.

Defendant maintains that it has had eight contacts with plaintiff over the course of 12 months. Four of the eight contacts were regularly scheduled monthly payment notifications from defendant. Three of the contacts were courtesy notifications to inform plaintiff of the credits that had been received on his account. The only contact that can serve as the basis for plaintiff's claim is the November 5, 2010 letter from Sentry Credit, Inc. According to Toyota, this one letter is insufficient to state a claim for privacy, and as a matter of law, Toyota's actions were not outrageous.

### B. Plaintiffs

Plaintiffs argue that their allegations that Toyota engaged in a campaign of collection efforts by hiring two collection agents to send letters to plaintiff,

---

[1] In its motion to dismiss, Toyota argues that plaintiff failed to join a necessary party, Rana Baker, who is listed as a "co-borrower" on the contract. The amended complaint added Rana Baker as a plaintiff.

3

misrepresenting the amount owed by him, and writing six letters in an effort to collect the amount is actionable. Plaintiff's counsel informed the first collection agency, Central Credit Services, that it was disputing the amount. Central Credit Services decided to no longer pursue plaintiff and presumably returned the file to Toyota. Toyota ignored the legal issues raised in the letter from plaintiff's counsel and turned the matter over to another collections agency, Sentry Credit. Plaintiff was reported to various credit reporting agencies, although plaintiff does not know who made the reports. Plaintiff further argues that the issue of whether actions taken by a creditor are reasonable requires a factual determination. Plaintiff relies on *King v. Cashland*, Nos. 18208, 99–1640, 2000 WL 1232768 (Ohio App. Sep. 1, 2000), in which the court determined that the trial court erred in granting defendant's motion for summary judgment because reasonable minds could reach differing conclusions as to whether the defendants' action constituted an actionable invasion of the plaintiff's privacy.

### III. Motion to Dismiss

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (U.S. 2007) (citing *Bell v. Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007)); *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1982). Although the court must apply a liberal construction of the complaint in favor of the

party opposing the motion to dismiss, *see Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir. 1975), a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations, *see Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005); *Blackburn v. Fisk Univ.*, 443 F.2d 121, 123-124 (6th Cir. 1971). In reading a complaint, however, a court will indulge all reasonable inferences that might be drawn from the pleading. *See Fitzke v. Shappell*, 468 F.2d 1072, 1076 n.6 (6th Cir. 1972). Because the motion under Rule 12(b)(6) is directed solely to the complaint itself, *see Roth Steel Prods.*, 705 F.2d at 155; *Sims v. Mercy Hosp. of Monroe*, 451 F.2d 171, 173 (6th Cir. 1983), the court must focus on whether the claimant is entitled to offer evidence to support the claims, rather than whether the plaintiff will ultimately prevail, *see McDaniel v. Rhodes*, 512 F. Supp. 117, 120 (S.D. Ohio 1981). A federal court cannot consider extrinsic evidence in determining whether a complaint states a claim upon which relief can be granted. *See Roth Steel Prods.*, 705 F.2d at 155-56.

**IV.    Discussion**

Plaintiff asserts a claim against Toyota for invasion of privacy. The Ohio Supreme Court has recognized an invasion of privacy tort for an unreasonable intrusion into one's seclusion. *See Housh v. Peth*, 165 Ohio St. 35 (1956). Although the *Housh* Court acknowledged that a creditor has a right to take reasonable action to pursue a debtor and obtain payment, it held that "the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a

5

person of ordinary sensibilities" is actionable. *Id*. at ¶ 2 of the syllabus. Courts have found actionable conduct

> where a creditor or his representative initiates a campaign to harass and torment the debtor, telephones the debtor six or eight times every day at her home and place of employment-some calls as late as 11:45 p.m. over a period of three weeks, telephones the debtor's superiors and informs them of the debt, and calls the debtor at her place of employment three times within a period of 15 minutes with a resultant threat of loss of employment.

*Id*. at ¶ 4. *See also King v. Cashland*, Nos. 18208, 99–1640, 2000 WL 1232768, at *2 (Ohio App. Sep. 1, 2000)(finding that making forty to fifty calls to the debtor, using foul language, calling the debtor's sister and friend at least twice to inform that a warrant had been issued for the debtor's arrest, calling the debtor's landlord, and sending the debtor's employer letters and faxes about the debt was actionable).

Here, Toyota's actions pleaded in the original complaint and the November 23, 2011 first amended complaint do not constitute a campaign of harassment and torment, nor do they allege that Toyota engaged in activities to cause outrage, mental suffering, shame or humiliation to a person of ordinary sensibilities. *See Wells Fargo Bank, N.A. v. Favino*, No. 1;10-cv-571, 2011 WL 1256771 at * 10 (N.D. Oh. Mar. 31, 2011). Eight letters over a twelve-month period does not constitute a campaign of harassment and torment. Furthermore, four of the letters were monthly account statements, and three notified the plaintiff of payments received by Toyota. These letters constitute reasonable actions taken by Toyota to pursue a debtor and obtain payment.

## V. Conclusion

For the reasons stated above, Toyota Motor Credit Corporation's ("Toyota") October 17, 2011 motion to dismiss complaint (doc. 13) is GRANTED with respect to plaintiff's claim for invasion of privacy. This action continues with respect to plaintiff's remaining claim based on holder in due course liability.

s/ Mark R. Abel
United States Magistrate Judge
